**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7330**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ARLEE CHAMPION,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:17-cr-00046-MR-WCM-5)

Submitted:  January 31, 2020                       Decided:  February 19, 2020

Before KING, FLOYD, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Richard Arlee Champion, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Arlee Champion appeals the district court's orders denying his motion to compel trial counsel to produce Champion's case file so that Champion may pursue 28 U.S.C. § 2255 (2018) relief, and a subsequent order denying reconsideration. We review the denial of a motion to compel under an abuse-of-discretion standard. *See Horne v. WTVR, LLC*, 893 F.3d 201, 212 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 823 (2019). Under North Carolina Rules of Professional Conduct 1.16(d), "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled." *See also United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing legal authority requiring counsel to deliver client's file upon termination of representation). Thus, because Champion's former trial counsel should return the case file to Champion, we conclude the court misapprehended the applicable legal principles and abused its discretion in denying Champion's motion to compel.

Accordingly, we vacate the district court's orders and remand with instructions to grant Champion's motion to compel Champion's former trial counsel to send Champion the case file to which he is entitled. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*